IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN KELLEY,

      Plaintiff,                    No. CIV S-03-1548 DFL PAN P

     vs.                          ORDER DIRECTING PERSONAL SERVICE

B. WILLIAMS, et al.,            BY THE UNITED STATES MARSHAL

      Defendant.            WITHOUT PREPAYMENT OF COSTS

                            /        COSTS TAXED TO U.S. MARSHAL

       Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed July 30, 2004, the court determined that plaintiff's complaint states a cognizable claim for relief against defendant Williams and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff filed the required papers.

       On December 27, 2004, however, the U.S. Marshal returned the USM-285 form without executing service on defendant Williams. It appears the U.S. Marshal mailed the appropriate waiver on August 30, 2004. However, typed on the bottom of the form is the sentence, "12/22/04 PER PHONE CONVERSATION W/ATTY. BRUCE BRAVERMAN, MOTION WAS DISMISSED. DOCKET DATE OF 9/28/04 STATES THIS." A copy of the

/////

district court's September 28, 2004 order dismissing one claim from this case was appended to the returned USM-285 form.

There is nothing in the record to identify who "atty. Bruce Braverman" is; plaintiff is proceeding pro se and no defendants have appeared in this action. No motion has been filed and no motion has been dismissed in this action.

Moreover, the district court's September 28, 2004 order did not dismiss defendant Williams from this action.

This court finds that the U.S. Marshal's office failed to comply with this court's August 27, 2004 order directing that service of process be accomplished. Because the U.S. Marshal chose to contact some unknown third party rather than respond directly to the court, the U.S. Marshal has now unduly delayed service of process in this case. Accordingly, the U.S. Marshal will be directed to perform personal service of process on defendant Williams forthwith. The court finds that good cause exists to tax the costs of personal service to the U.S. Marshal rather than to the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the instructions for service of process, a newly issued, completed summons, two copies of the July 23, 2003 complaint, two copies of the August 27, 2004 order, and two copies of this order to the United States Marshal.

2. The United States Marshal shall forthwith serve process and a copy of this order upon defendants Doctor B. Williams pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order; and

3. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a

1 waiver of service of process and of the costs subsequently incurred in effecting service on said
2 defendant. The U.S. Marshal shall bear all costs associated with the personal service of this
3 action.
4 DATED: March 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001; kell1548.svc