IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN KELLEY,

     Plaintiff,                    No. CIV S-03-1548 DFL EFB P

    vs.

DOCTOR B. WILLIAMS, et al.,

     Defendants.           ORDER

_____/

     Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On March 19, 2007, defendant filed a motion to compel plaintiff's deposition. Plaintiff has filed an opposition.

     This action proceeds on the July 23, 2003, complaint in which plaintiff alleges defendant D. Williams[1] was deliberately indifferent to his chest pains. On December 8, 2006, the court issued a discovery and scheduling order notifying the parties that defendants could take plaintiff's deposition upon 14 days' written notice. The order notified the parties that discovery would close on April 6, 2007, and dispositive motions must be filed no later than June 1, 2007.

////

---

[1] In his opposition to the motion to compel, plaintiff clarifies that although he mentioned a "B. Williams" in his complaint, the "B" was a typographical error. He intended to bring this action against "D. Williams."

1    On February 7, 2007, defendants served on plaintiff a notice that they intended to take his
2    deposition on March 8, 2007.  Def.'s Ex. B.  On March 6, 2007, plaintiff filed a motion for the
3    appointment of counsel and to continue the March 8, 2007, deposition until counsel was
4    appointed.  Plaintiff appeared for his deposition, but refused to proceed until this court ruled on
5    his pending request for the assistance of counsel.  Def.'s Ex. A.  On April 9, 2007, the court
6    denied plaintiff's motion to appoint counsel and to stay the deposition.

7         A party may take another party's duly noticed deposition in person as a matter of right.
8    Fed. R Civ. P. 30.  If the party to be examined fails to appear after being served with a proper
9    notice of deposition, the court may make such orders concerning the failure as are just, including
10   dismissal.  Fed. R. Civ. P. 37(b)(2)(C); *see Connecticuut General Life Ins. Co. v. New Images of*
11   *Beverly Hills*, 2007 WL 942394 at *3 (9th Cir. 2007) (willfulness, bad faith and fault in failing to
12   comply with discovery orders justify the sanction of dismissal).  Defendants have submitted
13   evidence that they properly noticed plaintiff's deposition and that plaintiff appeared, but refused
14   to proceed because he wanted an attorney to assist him.  The court notes that plaintiff did not
15   serve his request for counsel and to stay the deposition until March 3, 2007, five days before the
16   deposition was to take place.  In his opposition to defendants' motion to compel, he again asserts
17   that the court should appoint counsel, but offers no basis for denying defendants' motion to
18   compel.  In fact, defendants' evidence shows that plaintiff agreed that he would abide by the
19   court's ruling on his request for counsel and submit to deposition without counsel if his motion
20   were denied.  Def.'s Ex. A at 8-9.  The court finds that while the record does not show that
21   plaintiff acted in bad faith, he nonetheless violated this court's discovery order and the Federal
22   Rules of Civil Procedure.  Accordingly, defendants' motion must be granted.

23        As stated above, discovery closed on April 6, 2007.  Plaintiff agreed that his deposition
24   could be taken after this date if the court so ordered.  Def.'s Ex. A at 8.  This requires modifying
25   the schedule, which defendants do not request.   In the interest of judicial economy, the court
26   addresses the matter *sua sponte*.  The court may modify a schedule upon a finding of good cause.

Fed. R. Civ. P. 16(b). Good cause exists when the moving party cannot meet the deadline in question despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendants noticed plaintiff's deposition and filed their motion to compel in time for them to take plaintiff's deposition, but the delay in resolving this motion made it impossible to take plaintiff's deposition before April 6. Furthermore, although plaintiff agreed to waive the 14-day notice requirement in the discovery order, prison officials require some notice to arrange for plaintiff's deposition to be taken without threatening prison security. Thus, the court recognizes that counsel likely will not be able to take the deposition upon two or three days' notice. Finally, the delay in taking plaintiff's deposition likely will make it impossible, in spite of defendants' diligence, to file and serve a dispositive motion by June 1, 2007. Accordingly, this filing date also must be modified.

Plaintiff alleges no facts in support of his request for counsel. In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Accordingly, it is hereby ORDERED that:

1. Defendants' March 19, 2007, motion to compel plaintiff's deposition is granted;

2. The schedule is modified to permit defendants 45 days from the date of this order to notice and take plaintiff's deposition. If plaintiff wilfully fails to appear pursuant to due notice or fails to serve and file a timely motion for a protective order, the court will upon defendants' proper motion impose severe sanctions which, in light of the unavailability of other sanctions, likely may be dismissal of this action;

3. Defendants have until August 1, 2007, to file and serve a dispositive motion; and

////

////

1  4.  Plaintiff's renewed request for appointment of counsel, contained within his
2  opposition to defendants' motion to compel, is denied.
3  Dated: May 2, 2007.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE