IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN KELLEY,

      Plaintiff,                         No. CIV S-03-1548 RRB EFB P

    vs.

B. WILLIAMS, et al.,

      Defendants.                  FINDINGS AND RECOMMENDATIONS

                              /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the July 23, 2003, complaint in which plaintiff claims that defendants Brett Williams and Debrina Williams were deliberately indifferent to his serious medical needs, i.e., a heart condition. On June 29, 2007, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. He requests an order directing that he not be transferred away from Mule Creek State Prison, where he was, and still is, confined. For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

       A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*

*Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand*

*Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

As stated above, plaintiff seeks an order enjoining his transfer out of Mule Creek State Prison.  In the motion, he alleges that on June 18, 2007, his prison counselor informed him that he was being considered for a transfer to a different prison.  He asserts that transfer would interfere with his ability to litigate this matter because the prisoner who assists him also is confined in Mule Creek State Prison.  If he were transferred, there would be substantial delay in plaintiff's ability to consult with his assistant.  The court notes that plaintiff filed the motion in June of 2007and he remains confined at Mule Creek State Prison.  It therefore does not appear that transfer was imminent at the time he filed the motion.  Furthermore, although plaintiff is entitled to access to legal materials and resources, *Lewis v. Casey*, 518 U.S. 343, 346 (1996)*; Bounds v. Smith*, 430 U.S. 817, 828 (1977)*,* he is not entitled to the assistance of any other particular prisoner.  Thus, even if his transfer were imminent, the court cannot find that the balance of hardships tips in his favor absent a showing that the transfer would result in the denial of plaintiff's rights as outlined in *Lewis* and *Bounds*.  Plaintiff has made no such showing.  Finally, plaintiff has not demonstrated any likelihood that he will succeed on the merits.

There are alternative grounds for denying this motion.  First, plaintiff has failed to identify who has proposed his transfer.  Thus, the court has no person to whom it could direct an injunctive order.  Second, only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  Plaintiff does not allege that either defendant has caused plaintiff's transfer to be imminent.  Nor has he

1 demonstrated that a particular individual has acted in active concert or participation with either
2 or both of them to cause such transfer.

3     For these reasons, the court concludes that plaintiff is not entitled to the relief he seeks.

4     Accordingly, it is hereby recommended that plaintiff's June 29, 2007, motion for a
5 temporary restraining order and a preliminary injunction be denied.

6     These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 Dated:  December 3, 2007.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE