IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN KELLEY,

        Plaintiff,                    No. CIV S-03-1548 RRB EFB P

    vs.

B. WILLIAMS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                              /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment. This action proceeds on the July 23, 2003, complaint in which plaintiff challenges the adequacy of treatment he received for a heart condition and for Hepatitis C. In particular, he alleges that defendant Debrina Williams failed to refer plaintiff to a cardiologist and failed to provide him with treatment for Hepatitis C. For the reasons explained below, the court finds that there is no genuine issue for trial.

       As a preliminary matter, the parties wish to clarify who it is plaintiff is suing. The complaint names Dr. B. Williams as the defendant. Compl., at 1. On July 30, 2004, the court found that plaintiff failed to state a claim for relief against B. Williams, and recommended that claims against that defendant be dismissed. Also on that date, the court found that plaintiff

1

1  stated a claim against D. Williams for deliberate indifference to plaintiff's serious medical needs.
2  On September 28, 2004, the district judge adopted the findings and recommendations regarding
3  Dr. B. Williams, and dismissed all claims against him.  It appears that through a clerical error, an
4  order issued on August 27, 2004, directing service of process on Dr. B. Williams instead of D.
5  Williams.  For reasons not apparent in the record, both Debrina Williams and Dr. Brett Williams
6  submitted waivers of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.
7  Counsel filed an answer on behalf of Debrina Williams and Dr. Brett Williams.  At deposition,
8  counsel asked plaintiff whether he intended to sue Dr. Brett Williams.  Pl.'s Dep., at 8.  Plaintiff
9  explained that he was not suing Dr. Brett Williams; he intended only to sue Debrina Williams.
10 Pl.'s Dep., at 8.
11      The record is clear that the claims against Dr. Brett Williams have already been
12 dismissed on the ground that plaintiff failed to state a claim for relief against him.  Indeed,
13 plaintiff has since clarified that he never intended to sue Dr. Brett Williams and that service of
14 that defendant was a clerical error.  Accordingly, the order dismissing claims against Dr. Brett
15 Williams was dispositive and he is not a defendant in this action.  Thus, the only claim in this
16 action is a claim against Debrina Williams that she was deliberately indifferent to plaintiff's
17 serious medical needs, i.e., plaintiff's heart condition and diagnosis of Hepatitis C.  The court
18 now turns to the motion for summary judgment filed by Debrina Williams.

19 **I.    Facts**

20      At all times relevant to this action, plaintiff was a prisoner confined at Mule Creek State
21 Prison ("MCSP").  Compl., at 2.  Defendant Debrina Williams was a Nurse Practitioner at
22 MCSP.  Def.'s Mot. for Summ. J., Attach. 2, Decl. of Debrina Williams ("Williams Decl."),  at
23 ¶ 1.  Her job responsibilities include providing assistance to patients as directed by physicians,
24 examining patients, taking vital signs, administering injections, ordering laboratory reports,
25 renewing medications, recording medical information on patient charts and making clinical
26 diagnoses within the realm of her training and expertise as a Nurse Practitioner.  *Id*., at ¶ 2.

In July 2002, plaintiff experienced chest pain and heart palpitations, for which he requested medical attention. *Id*., at ¶¶ 4, 5; Pl.'s Dep., at 15. In response to plaintiff's reports, Williams examined plaintiff. Williams Decl., at ¶ 4; Pl.'s Dep., at 10, 19, 28-29. At that time, plaintiff requested that he be tested for Hepatitis C. Williams Decl., at ¶ 4; Pl.'s Dep., at 16. Williams advised plaintiff that he should stop smoking and cease his caffeine intake. Williams Decl., at ¶ 5. In her declaration, Williams asserts that she requested an EKG and lab work for plaintiff. Williams Decl., at ¶ 5; Pl.'s Dep., at 17. Plaintiff asserts in his declaration that she did not request lab work. Pl.'s Opp'n to Def.'s Mot. for Summ. J., Attach. 2, Pl.'s Dec., at ¶ 4. A medical record dated August 6, 2002, shows that someone ordered a blood draw to test for, "Hep ABC, CBC, CP, Drug tox." Pl.'s Opp'n, at 18. An August 7, 2002, report of lab results showed that plaintiff had high cholesterol levels. Williams Decl., at ¶ 5; Pl.'s Dep., at 20; Pl.'s Opp'n, at 32. Plaintiff underwent an EKG on August 2, 2002, and the results were normal. Pl.'s Dep., at 18. Plaintiff was prescribed Lipitor, a medication designed to lower cholesterol levels. Williams Decl., at ¶ 5.

At some point not clear in the record, plaintiff began taking baby aspirin, Anapril and Dyazide for high blood pressure. Pl.'s Dep., at 25. At deposition, plaintiff testified that the Lipitor has lowered his cholesterol levels. Pl.'s Dep., at 26. Plaintiff also underwent a radiological evaluation to rule out Chronic Obstructive Pulmonary Disease. Williams Decl., at ¶ 6. An October 2002 report showed normal results. Williams Decl., at ¶ 6.

A report dated August 7, 2002, showed that plaintiff tested positive for the Hepatitis C virus. Williams Decl., at ¶ 5; Pl.'s Dep., at 20; Pl.'s Opp'n, at 33. Williams told plaintiff that he did not require treatment for Hepatitis C yet because his liver function was normal. Williams Decl., at ¶ 5; Pl.'s Dep., at 20. She also told him that at this stage of the disease, medical staff would monitor his condition by ordering new lab work every three to four months. Williams Decl., at ¶ 5. Plaintiff has submitted a document containing information about how the California Department of Corrections and Rehabilitations ("CDCR") manages and treats this

3

disease. Pl.'s Opp'n, at 14. In the section entitled "Treatment," the document states that a liver biopsy ordinarily will not be performed until repeated blood tests show abnormal liver function. *Id.* When a biopsy shows liver damage, then the patient will be considered for treatment with the various medications available. *Id.*

Plaintiff saw defendant Williams again on October 30, 2002. Pl.'s Dep., at 26. Plaintiff told her that his chest pains were getting worse, and he asked to see a cardiologist. *Id.* There is no evidence that Williams had the authority to grant this request, refused to communicate this request to a physician, or interfered with a physician's decision to make the referral.

At all times before plaintiff filed the complaint in this action, blood work for plaintiff's Hepatitis C were normal. Pl.'s Dep., at 36. He had one EKG test with abnormal results, but his medications were not changed. Pl.'s Dep., at 37. He testified that he was told anxiety caused these results. *Id.* There is no evidence of who made this diagnosis.

## II.   Summary Judgment Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] The utility of Rule 56 to determine whether there is a "genuine issue of material fact," such that the case must be resolved through presentation of testimony and evidence at trial is well established:

> [T]he Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment,

---

[1] On October 5, 2004, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

4

> the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322). There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial. *Celotex,* 477 U.S. at 323.

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion, i.e., whether the defendant acted with deliberate indifference to the plaintiff's safety. Equally critical is that "deliberate indifference" is an essential element of plaintiff's cause of action. Therefore, to withstand defendant's motion, plaintiff may not rest on the mere allegations or denials of his pleadings. He must demonstrate a genuine issue for trial, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989), and he must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

**III.    Analysis**

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will

5

properly preclude the entry of summary judgment." *Id.* at 248. Here, plaintiff's action arises under 42 U.S.C. § 1983 and the Eighth Amendment. To prevail at trial, he must prove that the defendant deprived him of his Eighth Amendment rights while acting under color of state law. To prove an Eighth Amendment violation, plaintiff must show by a preponderance of competent evidence that the defendant knew plaintiff had a serious medical need, and that and that the defendant was "deliberately indifferent" to it. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As discussed below, plaintiff has failed to establish a genuine dispute for trial over this material issue.

The complaint alleges that defendant D. Williams failed to refer plaintiff to a cardiologist and failed to provide plaintiff with treatment of Hepatitis C. Compl., at 3, 4. Prison officials violate the Eighth Amendment when they engage in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "may be manifested in two ways. It may occur when prison officials deny, delay or intentionally interfere with medical treatment, or it may occur by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). When prison medical personnel act based on "a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Defendant Williams does not dispute that plaintiff's heart condition and diagnoses of Hepatitis C are serious medical conditions for purposes of the Eighth Amendment. Nor could

6

there be any dispute in that regard. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (serious medical needs include any condition that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, and chronic and substantial pain). However, the record does not support the claim that Williams was deliberately indifferent to that condition. Williams has submitted evidence that she examined plaintiff in July of 2002 in response to plaintiff's reports of heart palpitations. She ordered lab work, and someone - it is not clear from the record who - advised plaintiff to stop smoking and to cease his caffeine intake. There is no evidence about whether plaintiff took this advice. However, it is undisputed that plaintiff was prescribed a number of medications for high blood pressure, and that after blood tests showed elevated cholesterol levels, he was prescribed medication for that, too.

Plaintiff faults defendant Williams for not referring him to a cardiologist. It is undisputed that defendant Williams did not refer plaintiff to a cardiologist, but there is no evidence that as a Nurse Practitioner she could decide whether or not to refer a patient to a specialist. In her declaration, defendant Williams states that her role in patient care is proscribed to that which her profession permits and essentially is to support the care and treatment decisions of physicians. Plaintiff, who bears the burden of proof on the question, has not submitted any evidence that making the decision to refer plaintiff to a specialist was within her discretion. Nor is there any evidence that Williams interfered with a referral made by a physician. Without such evidence, no reasonable jury could find that Williams knew that plaintiff needed to be examined by a cardiologist, but refused to make the referral. Therefore, defendant Williams is entitled to summary judgment on this claim.

For like reasons, plaintiff's claim that Williams was deliberately indifferent to plaintiff's Hepatitis C must fail. Plaintiff disputes Williams' assertion that she ordered the blood work that showed plaintiff tested positive for the Hepatitis C antibody. However, plaintiff's own evidence shows that someone ordered the testing shortly after plaintiff requested it. In either case, the

dispute is not material. Plaintiff's claim relates not to a delay in diagnosis, but in medical intervention. Thus, it makes no difference to this action who actually ordered the lab work.

The parties agree that plaintiff's care immediately following the diagnosis was to monitor his liver functioning. They also agree that Williams was the person to inform plaintiff of this course of treatment. However, there is no evidence that Williams made any decision in this regard. Plaintiff submits documents evidencing the protocol of the California Department of Rehabilitation and Corrections for treating Hepatitis C, showing that ordinarily medications are not administered until blood work shows that the liver no longer is functioning well. He criticizes that protocol, but there is no evidence that Williams either assisted in promulgating this protocol or may as a Nurse Practitioner decide to deviate from that protocol in the case of a particular patient. Thus, a reasonable jury could not find on this evidence that Williams was deliberately indifferent to plaintiffs' condition of Hepatitis C by not prescribing medications for it.

## IV.  Conclusion

For the reasons explained above, the claims against Dr. Brett Williams already have been dismissed. The court further finds that there is no genuine issue of material fact for trial and defendant Debrina Williams is entitled to judgment as a matter of law.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant Debrina Williams' July 31, 2007, motion for summary judgment be granted and that judgment be entered in her favor; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE